Ruth LOGAN and Husband, Darrell B. Logan, Appellants,

v.

Z. T. RANKIN, Appellee.

No. 5100.

Court of Civil Appeals of Texas.

El Paso.

June 15, 1955.

Rehearing Denied July 6, 1955.

Talley & Gade, El Paso, for appellants.

Joseph Calamia, Wellington Chew, El Paso, for appellee.

McGILL, Justice.

This is a child custody case. Appellee Z. T. Rankin and appellant Ruth Logan were formerly husband and wife. The children whose custody is involved, Ronnie Rankin and Patsy Rankin, were born of that union.

In a divorce suit brought by appellant Ruth Logan against appellee in Itawamba County, Mississippi, on September 16, 1953, appellant Ruth Logan was given the custody of the children from August through May of each year, and appellee Z. T. Rankin was given such custody during June and July of each year, the decree providing that neither party should remove the children from the jurisdiction of the court for more than one week without permission of the court, and further

> "It Is Further Ordered, Adjudged and Decreed that all matters and provisions of this decree pertaining to the care, custody, control, support, and education of the children, Ronnie Rankin and Patsy Rankin, continue as herein provided and set forth, until further order or orders of this Court, for which purpose jurisdiction thereof is specially retained by the Court."

On April 27, 1954, appellant Ruth Logan left Mississippi with the children. While returning to Mississippi with the children, so she claims, appellant Ruth Logan was critically injured in an automobile accident near Jacksboro, Texas, and hospitalized. On June 4, 1954, appellee filed a so-called supplemental petition in the court in Itawamba County, Mississippi, asking for complete custody of the children. On August 3, 1954, the Mississippi court gave appellee full custody of the children. The judgment recites legal service was had on appellant Ruth Logan. On both dates the children and appellants were in El Paso County, Texas. On September 18, 1954, appellee sought a writ of habeas corpus from the 34th Judicial District Court of El Paso County, based on the Mississippi decrees. Appellants filed an answer and cross-action in which they asked that the custody of the children be awarded to them. On September 24, 1954, on a hearing, the court refused to hear any evidence as to changed conditions since the rendition of the Mississippi decrees, on the ground that the Mississippi decrees were entitled to full faith and credit under the United States Constitution, and that to give them such full faith and credit he was required to so hold. He concluded as a matter of law

> "that the respondent in this case has filed no pleas sufficient in law to require this court to determine any issue of change of circumstances warranting this court to make any order or render any judgment modifying or changing the decree of the Mississippi court above described." (Supplementary decree)

In this we think the learned trial court was in error. Relevant to changed conditions appellants alleged:

> "Cross-plaintiffs allege and say to this Honorable Court that this decree works an extreme hardship upon the children, and that as they grow older its fantastic nature and their being shuttled from one to another will work a terrible hardship upon them and their ever growing minds, and will cause them to become insecure, and that it would be to their better interest if their care, custody, and control,

they being only of the ages of six and four, were awarded to their mother, cross-plaintiff herein, full time twelve months a year, with proper provision for their support by the cross-defendant herein.

"Cross-plaintiffs allege that it is geographically impossible to comply with the court's order because the cross-plaintiff, Ruth Logan, on or about the 21st day of April, 1954, duly and legally married the cross-plaintiff, Darrell B. Logan, and the said Darrell B. Logan is stationed at Fort Bliss, in El Paso County, Texas.

IV

"Because of the above and other material changes in circumstances since the cross-plaintiff Ruth Logan and the cross-defendant were divorced, it would be to the best interests of the minor children aforesaid if their full time care and custody were awarded to the Cross-plaintiff, Ruth Logan, with rights of visitation reserved in the Cross-defendant and an order for contribution to their support by the said Cross-defendant.

"Wherefore, premises considered, Cross-plaintiffs pray that Cross-defendant be cited to appear and answer herein, and that upon a hearing hereof the Cross-plaintiff Ruth Logan, be awarded the full time care and custody and control of the minor children, Ronnie Rankin and Patsy Rankin, with a contribution for their support by the Cross-defendant, for costs of suit and for general relief."

This pleading, though meagre, in the absence of exception was sufficient to require the court to hear evidence as to changed conditions which might require a change of custody since the decree of August 3, 1954. The court erred in refusing to hear any evidence. For this reason the judgment is reversed and the cause remanded.

FRASER, Justice (dissenting).

I cannot agree with the disposition of this case as evidenced by the majority opinion. The respondent here, in her cross-action complains only of the provisions of the April 1954 decree, which decree provided for split custody. However, the August decree, which recites that the court had jurisdiction of the parties, provided for exclusive custody in the petitioner, or appellee. In her denial to the writ of habeas corpus respondent says that this decree is invalid, but she stops there, and in her cross-action, or cross-complaint, does not ask for relief, or in the alternative the cancellation or ignoring of this August decree on the ground that same is invalid. We are compelled, under the full faith and credit doctrine, to give full weight to this August decree, if the court had jurisdiction to hear the matter. The court's own recitation and the findings of fact here in the trial court in El Paso County set out that there was a supplementary petition filed in June of 1954, and further that as a result of this petition the August decree awarding total, exclusive custody to petitioner appellee was then regularly promulgated. There appears to be evidence in the case that in the state of Mississippi you may ask for a supplementary proceeding calling for a modification of a prior judgment by getting service on the attorney of record for the opposite party, and this appears to have been done. If this is so, and it appears to be so, then the August judgment cancelled the April judgment, and it must be noted that this August judgment went out of its way to recite the terms of the April judgment that were being cancelled and modified. Therefore, in the opinion of this writer, the respondent, appellant here, finds herself in the position of having asked for change of custody based on change of circumstances from a judgment that has already been modified and replaced by a later and subsequent valid judgment, from which later judgment she asks no relief and claims no change of conditions. Therefore, seems to me that the trial court

here in El Paso County was correct in his ruling that the pleadings of the appellant, respondent, do not set up or state any plea sufficient in law to require the El Paso court to determine any issue or change of circumstances which would warrant this court to make any order or render any judgment modifying or changing the Mississippi decree. Therefore, because it seems clear to this writer that the August decree is entitled to full faith and credit and it cancels and replaces the April decree, and because respondent appellant has apparently made no appeal from or asked no change in this August judgment, she has not pled anything of a sufficient nature to warrant this court in handing down any orders. For that reason I feel that the decision of the trial court should be affirmed and therefore respectfully dissent from the majority opinion of this court.